**WISE, In re, Petitioner, v. STATE et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4265. Decided June 21, 1950.

Cecile J. Shapiro, Columbus, for petitioner.
Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus in which the petitioner alleges that he is being unlawfully detained by the respondent as Warden of the Ohio Penitentiary. The record discloses that the plaintiff was convicted and sentenced by the Common Pleas Court of Summit County in 1933 for the crime of grand larceny. He was committed to the Ohio Penitentiary and escaped in 1934, fleeing to the State of New Jersey; that in 1940 the State of Ohio became cognizant of his whereabouts but did nothing to effect his return; that in 1942 he was arrested in New Jersey upon the request of the Ohio authorities, being charged with being a fugitive from justice from the State of Ohio. Sometime after this Ohio advised the State of New Jersey that it would not send for him and he was therefore discharged. Again in 1946 he was arrested in New Jersey upon the same charge. Before he could be turned over to the Ohio authorities he fled to the State of Connecticut and it was not until 1948 that he was again arrested upon complaint from this State; that he was not accorded an extradition hearing in Connecticut, but was forcibly taken back to Ohio against his consent and returned to the Ohio Penitentiary where he is now confined. The respondents admit all of the foregoing facts merely for the purpose of arguing the legal questions herein presented. The plaintiff is urging his release upon two grounds, to wit, (1) that the State forfeited its right by refusing to act when he was first arrested in New Jersey; (2) that he was illegally returned from the State of Connecticut without being accorded a hearing and contrary to law. In support of the first ground we are referred to Title U. S. C. Par. 662, which, after providing for the arrest of a fugitive from justice found in another State, further provides:

"* * * If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. * * *"

Counsel urges that since he was released from custody in New Jersey in 1942, and also since more than six months have elapsed since the arrest, that he is now "discharged" from his sentence in Ohio. We cannot agree with this interpretation of the United States Code. It is our opinion that this section refers only to the arrest of the fugitive within the detaining State; that the six months limitation refers to the length of time the detaining State may hold or detain a

fugitive while waiting for the requesting State to come and pick him up. There is no provision in the statute that upon failure of the requesting State to pick up the fugitive, he is automatically relieved from being returned to the requesting State. The word "discharged" refers to the release from detention or confinement in the detaining State. It has no application to the fugitive's conviction and sentence in the requesting State and therefore cannot affect the State's right to have the fugitive returned.

Considering next the legality of the manner in which the plaintiff was returned, the authorities seem to be unanimous that this cannot be given consideration in a hearing on habeas corpus. In Ex Parte James Camp, etc., Vol. 7 O. N. P. 614, it was held that a party brought to Ohio by extradition from another State can be prosecuted in Ohio without regard to the manner in which he was brought into the State. The Court in its opinion makes this statement:

"* * *, but being now within the jurisdiction on a valid warrant, it makes no difference how he came or was brought here, there being no right of asylum as between states for the benefit of a fugitive from justice. He might even have been kidnapped and brought back."

The same legal principle is announced in 18 A. L. R. 509:

"Where a person accused of a crime is found within the territorial jurisdiction wherein he is so charged the right to put him on trial for the offense charged is not impaired by the fact that he was brought from another jurisdiction by illegal means, such as kidnapping, unlawful force, fraud or the like."

This rule has been adopted by the federal courts, and cases from many of our own states as well as England and Canada are cited. We have been unable to find any cases holding otherwise and we have been cited none by counsel for the petitioner.

The application will be denied.

HORNBECK and WISEMAN, JJ, concur.